# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LISA BLONIARZ,**
**Claimant Below, Petitioner**

vs.)　No. 15-1129　(BOR Appeal No. 2050472)
(Claim No. 2012038306)

**GF MANAGEMENT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa Bloniarz, by J. Robert Weaver, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. GF Management, Inc., by James Zeis, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 28, 2015, in which the Board affirmed an April 21, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 4, 2013, decision granting Ms. Bloniarz a 13% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bloniarz injured her left thumb on June 9, 2012, when she sustained a laceration while working with a knife in the course of her employment as a cook. In addition to a skin laceration, she sustained a laceration of the flexor pollicus longus tendon which required multiple

1

surgical procedures to repair.[1] Ms. Bloniarz underwent two independent medical evaluations for the purpose of determining the amount of whole person impairment arising from the compensable injury. On October 3, 2013, Dr. Jin performed an independent medical evaluation and opined that Ms. Bloniarz sustained 13% whole person impairment as a result of sensory and range of motion abnormalities in the left thumb. Dr. Jin further noted that the left thumb is the sole compensable body part. On November 4, 2013, the claims administrator granted Ms. Bloniarz a 13% permanent partial disability award based upon Dr. Jin's evaluation. Bruce Guberman, M.D., performed the second independent medical evaluation on June 26, 2014. Dr. Guberman opined that Ms. Bloniarz sustained 17% whole person impairment as a result of sensory and range of motion abnormalities in the left thumb, range of motion abnormalities in the left ring finger, and range of motion abnormalities in the left wrist. He recommended that Ms. Bloniarz receive an additional 4% permanent partial disability award.

The Office of Judges affirmed the November 4, 2013, claims administrator's decision. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 28, 2015. On appeal, Ms. Bloniarz asserts that she is entitled to a 17% permanent partial disability award, per the opinion of Dr. Guberman.

The Office of Judges found that although the evidence of record does not contain an Order holding the claim compensable, Dr. Jin's report indicates that the sole compensable diagnosis is a left thumb laceration with tendon involvement. The Office of Judges further found that Dr. Guberman's report is not persuasive because he evaluated two non-compensable body parts in arriving at his recommendation regarding the amount of Ms. Bloniarz's whole person impairment, namely the left ring finger and the left wrist. Therefore, the Office of Judges adopted the report of Dr. Jin. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[1] Neither a Report of Injury nor an Order holding the claim compensable was submitted into evidence. However, ChuanFang Jin, M.D., noted in her independent medical evaluation report that the sole compensable diagnosis is a left thumb laceration with tendon involvement.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II